# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA REYES,<br><br>            Plaintiff,<br><br>       vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>            Defendant. | 1:12cv01749 LJO DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |

Plaintiff Esperanza Reyes ("Plaintiff"), proceeding pro se and in forma pauperis, filed her complaint against the United States Department of Justice ("DOJ") on October 26, 2012. Plaintiff seeks return of her interest in $154,679 in U.S. Currency seized by the Coalinga Police Department and turned over to the DOJ on April 9, 2012.

## DISCUSSION

**A.    Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

1

from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.      Allegations**

Plaintiff is a resident of Huron, California. She alleges that the Coalinga Police Department seized $154,679 in U.S. Currency, along with other items that are being held as evidence in the criminal trial of Salvador Bravo. The U.S. Currency at issue reportedly was seized under the authority of 21 U.S.C. § 881 and ultimately was transferred to DOJ on April 9, 2012. Plaintiff received notice of the seizure on September 21, 2012. She now asserts her interest in the property as an innocent owner pursuant to 21 U.S.C. § 983(d).

**C.      Analysis**

According to the complaint, the currency at issue in this case was seized for forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides that all funds traceable as proceeds to a violation of the federal narcotics laws are subject to forfeiture by the United States. 21 U.S.C. § 881(a), (d). A party seeking to challenge the forfeiture of its property in a judicial forum must file a claim with the relevant Federal agency not later than the deadline set forth in the notice of seizure letter. 18 U.S.C. § 983(a)(2)(B). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety (90) days or return the seized property. See 18 U.S.C. § 983(a)(3). In the subsequent civil forfeiture

proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

In this instance, Plaintiff has not asserted that she has filed a claim with the appropriate Federal agency, that the Federal agency has commenced civil judicial forfeiture proceedings or that she is moving to set aside a declaration of forfeiture. 18 U.S.C. § 983(a),(e)(1). Rather, she has filed the instant action seeking return of her interest in the currency. The district court lacks jurisdiction over such a complaint for return of currency. See, e.g., McKinney v. U.S. Dep't of Justice Drug Enforcement Admin., 580 F.Supp.2d 1, 3-4 (D.D.C. 2008).

### **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim for which relief can be granted.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Fed. R. Civ. P. 72(b); Local Rule 304(b). The document should be captioned Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 10, 2012**          /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE